# EXHIBIT A

You are here: Home (/) ▸ District Clerk (/district-clerk) ▸ Online Case Information

# Online Case Information

Loading Online Case Information…

## Details

Updated : Tuesday, October 15, 2019 4:49:15 AM

New Search (/OnlineCaseInformationWeb/)

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

| | |
|---|---|
| Cause Number | D-1-GN-19-005972 |
| Case Status | PENDING |
| Style | SUMMERS V. ONE GOOD MAN PRODUC |
| Filed Date | 9/9/2019 |
| Hearing Date | -- |

| Attorney | Type | Full/Business Name | First Name | Middle Name | Last Name |
|---|---|---|---|---|---|
| ALDIS JAY RONALD | DEFENDANT | | BRAD | | HUNT |
| ALDIS JAY RONALD | DEFENDANT | | LISA | | FREBERG |
| ALDIS JAY RONALD | DEFENDANT | ONE GOOD MAN PRODUCTIONS LLC | | | |
| ALDIS JAY RONALD | DEFENDANT | ONE GOOD MAN PRODUCTIONS LP | | | |
| ZIMMER ROBERT ALAN | PLAINTIFF | | TIMOTHY | | HILL |
| ZIMMER ROBERT ALAN | PLAINTIFF | | ZACH | | MORRISON |
| ZIMMER ROBERT ALAN | PLAINTIFF | | SARA | | GARDEPHE |
| ZIMMER ROBERT ALAN | PLAINTIFF | | MATTHEW | | KLUCHIN |
| ZIMMER ROBERT ALAN | PLAINTIFF | | KYLE | | SUMMERS |

| Event Date | Party Type | Description |
|---|---|---|
| 10/10/2019 | DF | ORIG ANSWER/SPECIAL APPEARANCE |
| 9/18/2019 | DF | ISS:CITATION |
| 9/18/2019 | DF | ISS:CITATION |
| 9/18/2019 | DF | ISS:CITATION |
| 9/18/2019 | DF | ISS:CITATION |
| 9/9/2019 | PL | OTHER FILING |
| 9/9/2019 | PL | ORIGINAL PETITION/APPLICATION |

(https://www.traviscountytx.gov/)

© 2019 Travis County. All Rights Reserved.

Mailed 9/25-19

# CITATION

## THE STATE OF TEXAS

### CAUSE NO. D-1-GN-19-005972

KYLE SUMMERS; MATTHEW KLUCHIN; SARA GARDEPHE; ZACH MORRISON, TIMOTHY HILL , Plaintiff

vs.

ONE GOOD MAN PRODUCTIONS, LP; ONE GOOD MAN PRODUCTIONS, LLC; BRAD HUNT AND LISA FREBERG , Defendant

TO: ONE GOOD MAN PRODUCTIONS, LP
BY SERVING ITS REGISTERED AGENT LISA FREBERG
3727 MAGNOLIA BLVD, SUITE 775
BURBANK, CALIFORNIA 91505

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 9, 2019 in the 459TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 18, 2019.

REQUESTED BY:
ROBERT ALAN ZIMMER
707 WEST TENTH STREET
AUSTIN, TX 78701
BUSINESS PHONE:(512)434-0306   FAX:(310)943-6954

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

--- RETURN ---

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION , LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-19-005972         SERVICE FEE NOT PAID         P01 - 000082977
☐ Original    ☐ Service Copy

9/9/2019 7:22 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-005972
Ruben Tamez

NO. D-1-GN-19-005972

| | | |
|---|---|---|
| KYLE SUMMERS, MATTHEW KLUCHIN, SARA GARDEPHE, ZACH MORRISON, TIMOTHY HILL, *Plaintiffs* | § § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 459TH  JUDICIAL DISTRICT |
| ONE GOOD MAN PRODUCTIONS, LP, ONE GOOD MAN PRODUCTIONS, LLC, BRAD HUNT, LISA FREBERG, *Defendants* | § § § § § § | TRAVIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS Kyle Summers ("Summers"), Sara Gardephe ("Gardephe"), Zach Morrison ("Morrison"), Matthew Kluchin ("Kluchin"), and Timothy Hill ("Hill"), and files this, their Original Petition, complaining of DEFENDANTS One Good Man Productions, LP ("OGM"), One Good Man Productions, LLC ("OGM, LLC"), Lisa Freberg ("Freberg"), and Brad Hunt ("Hunt"), and for causes of action would respectfully show this Honorable Court the following:

## PARTIES

Plaintiffs Summers, Morrison, Kluchin, and Hill are residents of Travis County, Texas. Plaintiff Garaphe is a resident of Kings County, New York.

Defendant One Good Man Productions, LP is a foreign limited partnership domiciled in California, and who may be served via its registered agent, LISA FREBERG, 3727 MAGNOLIA BLVD., STE. 775, BURBANK, CA 91505.

Defendant One Good Man Productions, LLC is a foreign limited liability corporation domiciled in California, and who may be served via its registered agent, LISA FREBERG, 3727 MAGNOLIA BLVD., STE. 775, BURBANK, CA 91505.

Defendant Lisa Freberg is a natural person and a resident of Los Angeles County, California. She may be personally served with process at 9626 Sunland Place, Shadow Hills, CA 91040, or wherever she may be found.

Defendant Brad Hunt is a natural person and a resident of Los Angeles County, California. He may be personally served with process at 9626 Sunland Place, Shadow Hills, CA 91040, or wherever he may be found.

## DISCOVERY LEVEL, VENUE, JURISDICTION

1. Plaintiff intends to conduct discovery under a Level Three Control Plan.
2. Per Texas Rule of Civil Procedure 47, Plaintiff claims monetary relief of over $200,000 but not more than $1,000,000, and nonmonetary relief.
3. Venue is proper in this Court, pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.002, 15.017, 15.005.

## FACTUAL ALLEGATIONS

4. This lawsuit concerns a disgusting showcase of employee abuse, detailing the horrific work conditions to which a reality television production crew (the Plaintiffs) were

subjected, at the hands of their sadistic and cruel employers (the Defendants), who abused their positions of power in the entertainment industry.

5. The Defendant employers not only abused these Plaintiff crew members, subjecting them to a hostile, toxic, and terrifying work environment, but the Defendants also attempted to force the crew members to be complicit in their employers' illegal abuse.

6. Finally, to add insult to injury, Defendants fired the Plaintiffs in retaliation for attempting to assert their rights to a safe work environment.

7. On or about May 2019, Defendant One Good Man Productions, LP contracted with Plaintiffs to serve as crew members on various episodes of a reality television show production entitled *American Paycheck* (the "production").

8. OGM employed Plaintiff Sara Gardephe as a director for the production.

9. OGM employed Plaintiff Kyle Summers as first assistant camera for the production.

10. OGM employed Plaintiff Zach Morrison as a director of photography for the production.

11. OGM employed Plaintiff Matthew Kluchin as a sound mixer for the production.

12. OGM employed Plaintiff Timothy Hill as a gaffer and production assistant for the production.

13. *American Paycheck* producers Brad Hunt, Andrew Daly, and Lisa Freberg deliberately and intentionally created a toxic, hostile, and unsafe work environment for Plaintiffs, as their supervisors, while Plaintiffs were employed on the production.

14. Lisa Freberg is the owner of OGM and executive producer of *American Paycheck*.

15. Brad Hunt is the host and producer of *American Paycheck*, as well the son of Ms. Freberg's husband.

16. Andrew Daly is the associate producer of *American Paycheck* and a high-school friend of Mr. Hunt.

17. Neither Associate Producer Andrew Daly nor Mr. Hunt had any prior experience as a TV producer, nor film producer, prior to *American Paycheck*.

18. On the first day of production, Plaintiffs addressed concerns about the toxic, hostile work environment, but Ms. Freberg's response to Mr. Morrison was "I don't give a shit about overtime or meal penalties… You're not allowed to have any more crew meetings without my permission… Fuck your crew… If need be I will pull the plug and replace you all with a real crew."

19. Mr. Hunt and Mr. Daly constantly used racist, sexist, and homophobic slurs in Plaintiffs' presence during the production.

20. Mr. Hunt and Mr. Daly also constantly directed racist, sexist, and homophobic slurs <u>at</u> Plaintiffs.

21. Not coincidentally, Plaintiffs count among them members of the Hispanic and LGBQT communities, and one woman.

22. For example, Mr. Hunt and Mr. Daly referred to Ms. Gardephe a "Satanist witch," a "succubus" and a "psychopath" during the duration of the production.

23. Mr. Hunt and Mr. Daly speculated in front of Plaintiffs as to whether Ms. Gardephe had a "long clit."

24. During a production meeting, Mr. Hunt stated in front of Plaintiffs "I just want to tie Matt [Kluchin] up to a tree and beat his fucking face in until he's dead."

25. During another production meeting with multiple crew members present, Mr. Hunt and Mr. Daly scrolled through Mr. Kluchin's Facebook page, mocking his sexuality in front of the other crew, concluding with Mr. Hunt's announcement to the crew that "Matt should suck a dick and die."

26. Mr. Hunt openly speculated in front of crew members: "Let's say Matt [Kluchin] gets his cheeks clapped and his ass is just filled with cum...what do you think the chances are that he got AIDS?"

27. Mr. Daly repeatedly asked Ms. Gardephe about her sexual experiences, for example: "Sara, how many dudes have you fucked?"; "Have you ever fucked a black dude?"; "Are you a nympho, Sara? Oh my god, judging by your cute laugh when I asked you that, you totally are."

28. Mr. Hunt did racist impressions of African-Americans in front of Plaintiffs during the production, and bragged to the crew about having sex with African-American women: "It's culturally different, more adversarial."

29. Mr. Hunt repeatedly referenced his arrest for a violent crime in front of the crew, for example asking "What would you do if I had killed someone?"

30. Mr. Hunt abused stimulants, including Adderall, during the production, thereby exacerbating his abusive behavior.

31. To add insult to injury, after contracting with Plaintiffs to pay their salaries on a weekly basis during the production, and promising Plaintiffs paid days off, OGM failed to pay Plaintiffs for those days off, and failed to pay Plaintiffs the full amount they are legally due for the work OGM contracted them to do, and which they performed in good faith.

32. To further add insult to injury, after contracting with Plaintiffs to pay them a per diem fee for each day of the production, OGM failed to pay them that full fee each day..

33. OGM and Mr. Hunt repeatedly forced Plaintiffs to work for from fourteen (14) to twenty-four (24) hour work-days, often without sleep and/or without a break, sometimes only furnishing Plaintiffs with a single meal -- and verbally abusing Plaintiffs when they objected.

34. To cover their tracks, OGM prevented Plaintiffs from submitting accurate timecards by requiring Plaintiffs to sign timecards which OGM falsified in order that the time records indicate -- incorrectly -- that Plaintiffs had not worked overtime.

35. When Plaintiff Gardephe attempted to report Mr. Hunt's instances of sexual harassment and threats of violence to Ms. Freberg, Ms. Freberg responded by victim-blaming Ms. Gardephe and other Plaintiffs, and firing them.

36. OGM fired Plaintiffs on or about July 6, 2019.

37. OGM lied to Plaintiffs and said the episodes of American Paycheck that they had worked on were cancelled, when in fact OGM simply fired and replaced Plaintiffs with another crew.

38. Additionally, Plaintiffs requested timecards for the days driving back to Austin after being terminated, and still have not received timecards or pay for days worked.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

39. Plaintiffs incorporates the preceding paragraphs as if set forth at length.

40. Defendant OGM breached its contract with each Plaintiff by failing to pay Plaintiffs for the work they did during the production, and failed to reimburse Plaintiff Morrison for equipment he subrented for the Production.

41. Due to OGM's breach of contract, Plaintiffs are each individually entitled to recover their actual damages, i.e. lost wages, and recover their attorney fees, per Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8).

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs incorporate the preceding paragraphs as if set forth at length.

43. As described herein, Defendants Brad Hunt and Lisa Freberg acted intentionally and recklessly; their conduct was outrageous; and their actions caused Plaintiffs severe emotional distress.

44. As a result of Defendants' intentional infliction of emotional distress, Plaintiffs are entitled to recover actual damages and exemplary damages.

45. As Defendants' behavior "shocks the conscience", the Plaintiffs collectively seek an award of punitive damages, in the amount of two hundred thousand dollars ($200,000.00).

46. OGM is liable for Mr. Hunt's and Ms. Freberg's damages to Plaintiffs under the theory of *respondeat superior*.

47. OGM, LLC is liable for Mr. Hunt's and Ms. Freberg's damages to Plaintiffs under the theory of *respondeat superior*.

Case 1:19-cv-01020-LY   Document 1-1   Filed 10/18/19   Page 11 of 16

8

## COUNT III

## NEGLIGENCE

48. Plaintiffs incorporate the preceding paragraphs as if set forth at length.

49. Defendant OGM owed Plaintiffs a duty of care, i.e., to provide Plaintiffs with a safe and legal work environment during the Production.

50. For the reasons described herein, OGM breached its duty of care to Plaintiffs.

51. Plaintiffs were damaged in the form of lost wages and emotional distress.

52. Defendants' breach of duty was both the actual and proximate cause of Plaintiffs' damages.

53. Accordingly, Plaintiffs are entitled, individually, to recover their actual damages.

54. OGM is liable for Mr. Hunt's and Ms. Freberg's damages to Plaintiffs under the theory of *respondeat superior*.

55. OGM, LLC is liable for Mr. Hunt's and Ms. Freberg's damages to Plaintiffs under the theory of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants, as follows:

a. award each individual Plaintiff his or her actual damages; and his or her attorney fees and costs of court, all as allowed by statute, common law, and/or equity.

b. Award Plaintiffs, collectively, $200,000.00 in punitive damages for Defendants' outrageous and inexcusable conduct, percentage liability to be apportioned among the Defendants by the trier of fact.

 c. award each Plaintiff any other relief to which this Court may find him or her entitled in law or in equity.

                Respectfully Submitted,

                Zimmer & Associates
                707 West Tenth Street
                Austin, Texas 78701
            Telephone: (512) 434-0306
            Facsimile: (310) 943-6954

               <u>/s/ Robert Zimmer</u>
By:

                Robert Zimmer
              State Bar No. 24098662
             zimmerlawTX@gmail.com

           **ATTORNEY FOR PLAINTIFFS**

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

# IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

**512-472-8303**
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

**512-472-8303**
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am–4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

10/10/2019 2:35 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-005972
Norma Ybarra

CAUSE NO. D-1-GN-19-005972

| | | |
|---|---|---|
| KYLE SUMMERS, MATTHEW KLUCHIN, SARA GARDEPHE, ZACH MORRISON & TIMOTHY HILL | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | TRAVIS COUNTY, T E X A S |
| ONE GOOD MAN PRODUCTIONS, LP, ONE GOOD MAN PRODUCTIONS, LLC, BRAD HUNT & LISA FREBERG | § § § § § | |
| Defendants. | § | 459th JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW Defendants and file their Original Answer to Plaintiffs' Original Petition. In support thereof, Defendants respectfully show the following:

### I.
### DEFENSES

1. Plaintiffs have failed, in whole or in part, to state a claim upon which relief may be granted.

2. To the extent Plaintiffs have failed to make reasonable efforts to mitigate damages, any damages awarded to Plaintiffs should be reduced accordingly.

3. Plaintiffs' claims may be barred in whole or in part by limitations.

4. Plaintiffs' claims for punitive damages are barred because Defendants did not possess malice or reckless indifference. Such claims are also barred because Defendants have made good faith efforts to comply with all applicable law(s).

5. Any employment actions taken with respect to Plaintiffs were based on job-related factors, were consistent with "business necessity," as that term is defined pursuant to relevant law, and were based on legitimate, nondiscriminatory reasons.

6. Defendants deny any and all allegations of improper or illegal conduct. However, Defendants reserve the right to establish that Plaintiffs' claims are barred, in whole or in part, because Defendants would have taken the same actions in the absence of any alleged impermissible motivating factor(s).

7. Plaintiffs' claims for damages are capped pursuant to Tex. Lab. Code § 21.2585(d).

8. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to exhaust all administrative prerequisites to suit.

9. Plaintiffs' claims for work-related injuries are barred to the extent Plaintiffs were employees at the time of the alleged work-related injury and were covered by workers' compensation insurance.

## II.
## GENERAL DENIAL

Pleading further, if necessary, and without waiving the foregoing defenses, Defendants deny each and every, all and singular, the material allegations of Plaintiffs' Original Petition and demand strict proof thereof.

Respectfully submitted,

**BRACEWELL LLP**

By: /s/ Jay Aldis
    Jay Aldis
    State Bar No. 00785656
    Jordan Kindred
    State Bar No. 24102133
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone:   (713) 221-1381
    Fax:   (713) 222-3276
    jay.aldis@bracewell.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2019, a true and correct copy of the foregoing was served on all counsel of record by way of the Court's electronic filing system.

By: */s/ Jay Aldis*
Jay Aldis

#6056383