# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| KYLE SUMMERS *et al*., | § | |
| *Plaintiffs* | § | CASE NO. 1:19-CV-1020-LY |
| | § | |
| VS. | § | Hon. Lee Yeakel |
| | § | |
| ONE GOOD MAN PRODUCTIONS, | § | |
| LLP, *et al*., | § | **JURY TRIAL DEMANDED** |
| *Defendants* | § | |
| | § | |
| | § | |

## <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u> <u>*INSTANTER*</u>

COME NOW Plaintiffs Kyle Summers, Matthew Kluchin, Sara Gardephe, Zach Morrison, & Timothy Hill, and pursuant to Fed. R. Civ. P., Rule 16(b)(4) and Rule 15(a)(2), seek leave from this Honorable Court to file their First Amended Complaint *instanter*, and in support thereof, state as follows:

1.      Plaintiffs seek leave of court to amend their complaint to plead claims under Title VII (42 U.S.C. § 2000e, et seq.,) against Defendant One Good Man Productions, LP ("OGM"). On June 26, 2020, the Equal Employment Opportunity Commission ("EEOC") furnished Plaintiff Sara Gardephe ("Gardephe") with a "right to sue" letter as to OGM, which is an essential prerequisite to filing claims under Title VII.

2.      However, according to the scheduling order governing this case, the deadline to amend pleadings was April 1, 2020.  For the following reasons, the Court should nonetheless allow the Plaintiffs to amend their complaint, because Plaintiff Gardephe could not have brought a viable Title VII claim prior to June 26, 2020 without a right-to-sue letter from EEOC.

## ARGUMENT & AUTHORITY

3.      On or about December 20, 2019, Plaintiff Gardephe filed a complaint with the EEOC alleging that Defendants subjected her to a hostile, toxic work environment; sexually harassed her; and then fired her in retaliation for reporting the work conditions and the sexual harassment to Defendants.  (See Exhibit A, filed herewith.). Her EEOC complaint contained substantially the same allegations set forth in Plaintiff's Original Complaint, which pleaded her claims under Texas common law (intentional infliction of emotional distress and negligence) (Dkt. #1, Ex. A)

4.      EEOC conducted an investigation of Gardephe's Title VII complaint from December 2019 to June 2020.  At this juncture, EEOC declined to issue a finding of no cause. Instead, given the instant litigation was already before this federal Court, EEOC issued Plaintiffs a right-to-sue under Title VII letter as to OGM on June 26, 2020 and formally ended EEOC's investigation.  (See Ex. A-1, filed herewith.)

5.      Amending Plaintiff's complaint requires leave of court because the Scheduling Order governing this case set a deadline for amended pleadings of April 1, 2020.  Gardephe did not receive EEOC's right-to-sue letter until June 26, and thus any attempted amendment of Plaintiffs' complaint to plead Gardephe's Title VII claim would have been futile (i.e., subject to a Rule 12(b)(6) motion to dismiss), because clearance is first required from EEOC before bringing a Title VII action in federal court.  42 U.S.C. § 2000e-5(f)(1); See, e.g., *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

6.      When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters*., *L.L.C. v. SouthTrust Bank of Ala*.,

*N.A.*, [315 F.3d 533, 536](#) (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id*. at 535. The Court should assess four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id*. at 536 (quoting *Reliance Ins*. *Co*. *v*. *La*. *Land & Exploration Co*., [110 F.3d 253, 257](#) (5th Cir. 1997)).

7.      Here, Plaintiff Gardephe needed to obtain an EEOC right-to-sue letter prior to amending her complaint to bring Title VII claims against OGM.  This amendment is important to Gardephe because it potentially entitles Gardephe to recover attorney fees, expert witness fees, etc., from OGM should she prevail in her Title VII claims. See 42 U.S.C. § 2000e-5(k), whereas her common law claims would not entitle her to recover her attorney fees.  Amendment of the complaint will cause no potential prejudice to OGM because they participated in the EEOC investigation, and they have been well aware of the substance Gardephe's Title VII allegations during the many months since the instant litigation was filed against Defendants.

8.      If the movant (here, Plaintiffs) satisfy Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under [Federal Rule of Civil Procedure 15(a)(2)](#)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." [FED. R. CIV. P. 15(a)(2)](#); Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin*. *Acquisition Partners*, *LP v*. *Blackwell*, [440 F.3d 278, 291](#) (5th Cir. 2006), and the Court must grant leave unless the movant has acted in bad faith or with a

dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

*Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009).

9. Here, as discussed, there is no evidence of bad faith or dilatory motive, nor prejudice to Defendants, nor of futility. Plaintiffs' Proposed First Amended Complaint (filed herewith) is not futile, but rather the required next step after Gardephe's receipt of EEOC's right-to-sue letter.

10. Accordingly, Plaintiffs respectfully requests this Court allow them to file their First Amended Complaint in this matter, filed herewith.

## **PRAYER**

WHEREFORE, Plaintiff, for the foregoing reasons, prays that this Courr GRANT Plaitniffs leave to file their First Amended Complaint, *instanter*, and grant Plaintiffs any other such other relief as this Court deems necessary.

Respectfully submitted,

By: /s/ Robert Zimmer

Robert Zimmer
**Zimmer & Associates**
1108 Lavaca Street, Suite 110-187
Austin, TX  78701
Phone/Fax: (512) 434-0306
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I, Robert Zimmer, an attorney, hereby certify that on July 2, 2020, I electronically filed: the foregoing Motion; the Proposed First Amended Complaint; all using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

By: /s/ Robert Zimmer
Plaintiffs' Attorney

## **CERTIFICATE OF CONFERENCE**

Pursuant to W.D.TX's Local Rule 7, I Robert Zimmer, the undersigned attorney, certify that on July 2, 2020, I e-mailed Defendants' attorneys to ask if they are opposed to this motion. The undersigned has not heard back, but will notify the Court should Defendants not oppose this Motion.

Respectfully submitted,

By: /s/ Robert Zimmer
Plaintiffs' Attorney